# EXHIBIT A



# Service of Process Transmittal
06/21/2019
CT Log Number 535729187

| | |
|---|---|
| **TO:** | Sara Mayes<br>Cushman & Wakefield of Texas, Inc.<br>2021 McKinney Ave Ste 900<br>Dallas, TX 75201-7630 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | Cushman & Wakefield, Inc.  (Domestic State: NY) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FRANCIS MCCAFFERTY, PLTF. vs. CUSHMAN & WAKEFIELD, INC., DFT. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, ATTACHMENT(S), EXHIBIT(S) |
| **COURT/AGENCY:** | STATE OF DELAWARE SUPERIOR COURT, DE<br>Case # N19C06092RRC |
| **NATURE OF ACTION:** | Monies Due and Owing |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/21/2019 at 13:10 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | WITHIN 20 DAYS AFTER SERVICE HEREOF UPON DEFENDANT, EXLCUSIVE OF THE DAY OF SERVICE |
| **ATTORNEY(S) / SENDER(S):** | Daniel C. Herr<br>LAW OFFICE OF DANIEL C. HERR LLC<br>1225 N. King Street, Suite 1000<br>Wilmington, DE 19801<br>302-483-7060 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/22/2019, Expected Purge Date: 06/27/2019<br><br>Image SOP<br><br>Email Notification,  Stephanie Mercer   stephanie.mercer@cushwake.com<br><br>Email Notification,  Sara Mayes   sara.mayes@cushwake.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | The Corporation Trust Company<br>1209 N Orange St<br>Wilmington, DE 19801-1120<br>302-658-7581 |

Page 1 of  1 / MK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EFiled: Jun 11 2019 01:34PM EDT
Transaction ID 63349666
Case No. N19C-06-092 RRC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANCIS MCCAFFERTY, | * | C.A. No. _____ |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CUSHMAN & WAKEFIELD, INC., | * | |
| | * | |
| Defendant. | * | |

### SUMMONS

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY,**

**YOU ARE COMMANDED:**

To summons the following Defendant, Cushman & Wakefield, Inc., so within 20 days after service hereof upon Defendant, exclusive of the day of service, Defendant shall serve upon Daniel C. Herr, Esq., Plaintiff's Attorney, whose address is 1225 North King Street; Suite 1000, Wilmington, Delaware 19801, an Answer to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense).

To serve upon Defendant a copy hereof, of the Complaint (and an Affidavit of Demand, if any has been filed by Plaintiff), Answers to Form 30 Interrogatories, and any other documents required to be served.

6-9-9

LISA M. GONZALEZ
**Chief Deputy Prothonotary**

_[signature]_

Per Deputy

**TO THE ABOVE-NAMED DEFENDANT(S):**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's Attorney named above an Answer to the Complaint (and, if an Affidavit of Demand has been filed, and Affidavit of Defense), judgment by default will be rendered against you for the relief demanded in the Complaint (or in the Affidavit of Demand, if any).

LISA M. GONZALEZ
**Chief Deputy Prothonotary**

_____
**Per Deputy**

**SUPERIOR COURT**
**CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Jun 21 2019 01:34PM EDT
Transaction ID 63349666
Case No. N19C-06-092 RRC

COUNTY:  (N)  K  S          CIVIL ACTION NUMBER: _____

| | |
|---|---|
| Caption:<br><br>Francis McCafferty, Plaintiff, v.<br><br>Cushman and Wakefield, Inc., Defendant | Civil Case Code: __CDBT__<br><br>Civil Case Type: __Debt/Breach of Contract__<br>(SEE REVERSE SIDE FOR CODE AND TYPE)<br><br>MANDATORY NON-BINDING ARBITRATION (MNA) __N__<br><br>Name and Status of Party filing document:<br>Francis McCafferty, Plaintiff<br><br>DOCUMENT TYPE: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)<br>Complaint<br><br>JURY DEMAND:   YES __X__   NO ____ |
| ATTORNEY NAME(S):<br>Daniel C. Herr<br><br>ATTORNEY ID(S):<br>5497<br><br>FIRM NAME:<br>Law Office of Daniel C. Herr LLC<br><br>ADDRESS:<br>1225 N. King Street, Suite 1000<br>Wilmington, DE 19801<br><br>TELEPHONE NUMBER:<br>302-483-7060<br><br>FAX NUMBER:<br>302-483-7065<br><br>E-MAIL ADDRESS:<br>dherr@dherrlaw.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT OR ANY RELATED CASES THAT HAVE BEEN CLOSED IN THIS COURT WITHIN THE LAST TWO YEARS BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS:<br><br><br>EXPLAIN THE RELATIONSHIP(S):<br><br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

Revised 12/17

EFiled: Jun 11 2019 01:34PM EDT
Transaction ID 63349666
Case No. N19C-06-092 RRC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANCIS MCCAFFERTY, | * | C.A. No. _____ |
| | * | |
| Plaintiff, | * | TRIAL BY JURY DEMANDED |
| | * | |
| v. | * | |
| | * | |
| CUSHMAN & WAKEFIELD, INC., | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

COMES NOW, Francis McCafferty, by and through his attorney, Daniel C. Herr, Esq., who brings this Complaint against Defendant Cushman & Wakefield, Inc., alleging as follows:

### FACTS

#### Parties

1. Plaintiff Francis McCafferty may be contacted through his counsel, Daniel C. Herr, Esq., at 1225 N. King Street, Suite 1000, Wilmington, DE 19801.

2. Defendant Cushman & Wakefield, Inc. is a corporation organized in and pursuant to the laws of the State of Delaware. Defendant can be served care of its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

#### Jurisdiction and Venue

1

3. This Court has jurisdiction over – and venue is proper concerning – the claim asserted herein as Defendant is incorporated in Delaware. Further, the relevant merger agreement related to this dispute contains a Delaware choice of law provision.

4. This is a civil action for money damages arising under Delaware common law.

### Common Allegations of Fact

5. In or around August 2007, Plaintiff was Senior Vice President for Colliers Pinkard ("Colliers"), a firm engaged in commercial real estate sales.

6. Beginning in or around 2008, Cassidy Turley ("Cassidy"), another commercial real estate organization, began to acquire Colliers. The acquisition concluded in or around early 2010. Colliers had formed a holding company that housed certain of Plaintiff's shares, and eventually this holding company was transitioned into Cassidy Turley.

7. As a result, Plaintiff acquired a substantial amount of Cassidy's shares.

8. Plaintiff later acquired more Cassidy shares in or around July 2011.

9. In or around February 2012, Plaintiff relocated to Dallas, Texas at Cassidy's insistence for its business needs.

10. Thereafter, Plaintiff performed the majority of his work for Cassidy from in or near the Greater Dallas, Texas area.

11. Thereafter, Debenham Thouard Zadelhoff ("DTZ") merged with Cassidy in or around late-2014.

12. As part of this merger, DTZ promised Plaintiff a certain "Deferred Payment" that was contemplated within the merger agreement itself as a result of Plaintiff's status as a Cassidy-shareholder and employee.

13. Plaintiff sold, in part, his Cassidy-shares, in exchange for the Deferred Payment.

14. Plaintiff's Deferred Payment was to remain in force even if Plaintiff resigned his employment, so long as he resigned with "Good Reason".

15. "Good Reason" was also defined within the merger agreement. It included, in pertinent part, the "relocation of [Plaintiff's] primary work location more than 50 miles from [Plaintiff's] work location in effect immediately prior to the Closing" of the merger.

16. Immediately prior to the DTZ-Cassidy merger close (and immediately thereafter), Plaintiff continued to perform the majority of his work from in or near the Greater Dallas, Texas area.

17. In or around September 2015, Defendant merged with DTZ. As part of this merger, upon belief, Defendant acquired the obligation to provide Plaintiff his "Deferred Payment" under the same terms and conditions.

18. On or about September 2, 2015, Defendant reassigned Plaintiff to be its Western Regional Leader for Portfolio Services.

19. Thereafter, approximately 90 percent of Plaintiff's markets and client base were on the United States' West Coast.

20. As a result, beginning in or around September 2015, Plaintiff was required – and it was necessary – to spend at least three business days per week traveling on the West Coast. This, of course, was well-beyond 50 miles from the Greater Dallas, Texas area.

21. On or about October 23, 2015, Plaintiff sent notice of good reason to Defendant, which is attached hereto as **Exhibit A**.

22. Defendant failed to cure the circumstances giving rise to Plaintiff's good reason for resignation.

23. Plaintiff, as a direct result, resigned on or about November 11, 2015.

24. Defendant failed to pay Plaintiff his Deferred Payment, which was due on or about December 31, 2018.

25. Upon information and belief, but subject to discovery in order to investigate and ascertain, Plaintiff's Deferred Payment should have been in the approximate amount of $440,000 as the time it was due and owing (on or about December 31, 2018).

4

## COUNT 1: BREACH OF CONTRACT

26. Plaintiff re-alleges and incorporates by reference all allegations and paragraphs in this complaint (except those that are inconsistent with this cause of action, including but not limited pleadings in the alternative), above and below, as though fully set forth herein.

27. Defendant promised Plaintiff the Deferred Payment in exchange for Plaintiff's shares and/or ongoing employment with Defendant on certain terms.

28. In the alternative, Defendant intended to benefit Plaintiff, as a third-party beneficiary, the Deferred Payment in exchange for Plaintiff's ownership in shares and/or ongoing employment with Defendant.

29. Plaintiff's ongoing employment with Defendant was a conditional requirement for Plaintiff to receive the Deferred Payment. The relevant condition was that Defendant maintain Plaintiff's employment in the same locale (as is described herein).

30. As is detailed herein, Defendant failed to do that, also failing to cure the same upon reasonable notice by Plaintiff.

31. By failing to pay Plaintiff his Deferred Payment after failing to cure the circumstances giving rise to good reason for Plaintiff to resign, Defendant breached its agreement with Plaintiff or, in the alternative, the merger agreement that was intended to benefit Plaintiff.

32. As a direct result, Plaintiff suffered money damages in the approximate amount of $440,000 or in another amount to be determined through discovery.

### COUNT 2: BREACH OF QUASI-CONTRACT

33. Plaintiff re-alleges and incorporates by reference all allegations and paragraphs in this complaint (except those that are inconsistent with this cause of action, including but not limited pleadings in the alternative), above and below, as though fully set forth herein.

34. Despite there being no enforceable agreement between the parties (*which Plaintiff alleges in the alternative*), the circumstances are such that justice warrants a recovery as though there had been a promise of contract.

35. Plaintiff conferred a benefit on Defendant by virtue of the merger transactions identified herein as well as continuing his employment with Defendant.

36. Defendant accepted and realized this benefit.

37. It would be inequitable for Defendant to avoid paying Plaintiff the Deferred Payment under these circumstances.

38. As a direct result, Plaintiff suffered money damages in the approximate amount of $440,000 or in another amount to be determined through discovery.

### COUNT 3: UNJUST ENRICHMENT

39. Plaintiff re-alleges and incorporates by reference all allegations and paragraphs in this complaint (except those that are inconsistent with this cause of

6

action, including but not limited pleadings in the alternative), above and below, as though fully set forth herein.

40. Despite there being no enforceable agreement between the parties (*which Plaintiff alleges in the alternative*), Defendant has been enriched by retaining the Deferred Payment that is past due to Plaintiff.

41. Plaintiff has been impoverished.

42. As is detailed herein, Defendant's enrichment is directly related to Plaintiff's impoverishment.

43. Defendant lacks justification for its actions. Upon information, Defendant did not meaningfully consider Plaintiff's notice of good reason and taking measures to cure it.

44. Plaintiff lacks an adequate remedy at law.

45. As a direct result, Plaintiff suffered money damages in the approximate amount of $440,000 or in another amount to be determined through discovery.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.   Economic damages in the amount of $440,000 or in another amount to be determined through discovery;

B.   All other lawful damages;

C.   Reasonable costs and attorney's fees;

D.  Trial by jury; and

E.  Such other relief as this Court deems just and equitable.

                                              **LAW OFFICE OF**
                                              **DANIEL C. HERR LLC**

Dated: June 11, 2019              */s/Daniel C. Herr*
                                              Daniel C. Herr, Esquire, Bar. I.D. 5497
                                              1225 N. King Street, Suite 1000
                                              Wilmington, DE 19801
                                              302-483-7060 (tel) | 302-483-7065 (fax)
                                              dherr@dherrlaw.com
                                              *Attorney for Plaintiff*

EFiled: Jun 11 2019 01:34PM EDT
Transaction ID 63349666
Case No. N19C-06-092 RRC

# EXHIBIT A

October 23, 2015

Dear Kevin:

As you know, prior to the DTZ/Cushman transaction, I served as the Central Regional Leader, based in Dallas, Texas. Following the DTZ/Cushman transaction, my role has changed. Effective September 2, 2015, I was reassigned to be the Western Regional Leader for Portfolio Services. This change has resulted in a significant and material relocation of my primary work location. Over 90% of my markets and internal client base are on the West Coast. My duties as Western Regional Leader require me to spend at least three (3) business days per week traveling up and down the Western Seaboard. I cannot perform the duties of this position from Dallas.

This letter constitutes notice of "Good Reason" as defined in Section 1.1 of the Agreement and Plan of Merger between DTZ Jersey Holdings, Ltd. (and others) and Cassidy Turley, Inc. ("Merger Agreement"). Among the Merger Agreement's definition of "Good Reason" is a "relocation of a Current Employee Holder's primary work location more than 50 miles from the Current Employee Holder's primary work location more than 50 miles from the Current Employee Holder's work location in effect immediately prior to the Closing."

My primary work location prior to the Closing of the Merger Agreement was Dallas. My current primary work location is now the West Coast of the United States, which is obviously more than 50 miles from Dallas.

Pursuant to 1.1 of the Merger Agreement, the Company has thirty (30) days from the date of this notice to cure the circumstances giving rise to Good Reason. Should the Company fail to return me to a comparable position based within 50 miles of Dallas, Texas, I will be authorized to resign my employment for Good Reason, and retain the Deferred Payment Rights set forth in Section 3.1(e) of the Merger Agreement.

Sincerely,

Frank McCafferty